Kristin A. VanOrman (7333)
STRONG & HANNI
102 South 200 East, Suite 800
Salt Lake City, UT 84111
Telephone: 801.532.7080
Facsimile: 801.596.1508
kvanorman@strongandhannicom

Barry Y. Freeman (Ohio #0062040)
(admitted *pro hac vice*)
ROETZEL & ANDRESS, LPA
One Cleveland Center
1375 East Ninth Street, 10th Floor
Cleveland, OH 44114
Telephone: 216.615.4850
Facsimile: 216.623.0150
bfreeman@ralaw.com

*Attorneys for Defendant*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH**

| | |
|---|---|
| **KENNETH JOHANSEN,** *et al.***,** | ) CASE NO. 2:21-CV-00021-JCB |
| | ) |
| **Plaintiffs,** | ) |
| | ) **AMENDED ANSWER AND** |
| v. | ) **COUNTERCLAIM TO PLAINTIFFS'** |
| | ) **CLASS ACTION COMPLAINT**[1] |
| **SENTINEL SECURITY LIFE INS.** | ) |
| **COMPANY, INC.,** | ) **MAGISTRATE JUDGE JARED C.** |
| | ) **BENNETT** |
| **Defendant.** | |

For its amended answer to Plaintiffs Kenneth Johansen's and James Everett Shelton's

Complaint, Defendant Sentinel Security Life Insurance Company, Inc. states as follows:

**Preliminary Statement**

---

[1] This *Amended Answer and Counterclaim* is filed by right and as a matter of course within 21 days of serving its original *Answer*, pursuant to FRCP 15(a)(1)(A). There are no substantive changes to the answer; the substantive change is adding a *Counterclaim*.

1. Defendant admits Plaintiffs are bringing this TCPA action, but denies the merits of Plaintiffs' claims. All remaining allegations in Paragraph 1 of the Complaint are pure statements of law, thus no response is legally required.

2. Defendant admits Shelton makes the allegations in Paragraph 2 of the Complaint, but denies any of those allegations are true.

3. Defendant admits Johansen makes the allegations in Paragraph 3 of the Complaint, but denies any of those allegations are true.

4. Defendant admits Plaintiffs purport to bring this case as a nationwide class action, but denies all remaining allegations in Paragraph 4 of the Complaint.

5. Defendant denies the allegations in Paragraph 5 of the Complaint.

### Parties

6. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 6 of the Complaint, and therefore denies the same.

7. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 7 of the Complaint, and therefore denies the same.

8. Defendant admits the allegations in Paragraph 8 of the Complaint.

### Jurisdiction & Venue

9. Defendant admits the allegations in Paragraph 9 of the Complaint.

10. Defendant admits the allegations in Paragraph 10 of the Complaint.

11. Defendant admits the allegations in Paragraph 11 of the Complaint.

### TCPA Background

12. The allegations in Paragraph 12 of the Complaint are pure statements of law, thus no response is legally required. Nevertheless, Defendant denies Plaintiffs' explanation of Congress' motives.

13. The allegations in Paragraph 13 of the Complaint are pure statements of law, thus no response is legally required.

The TCPA Prohibits Automated Telemarketing Calls
to Cellular Telephones and Numbers Charged Per Call

14. The allegations in Paragraph 14 of the Complaint are pure statements of law, thus no response is legally required.

15. The allegations in Paragraph 15 of the Complaint are pure statements of law, thus no response is legally required. Furthermore, Defendant denies Plaintiffs' suggestion the FCC determines Congressional findings or what those findings were.

16. The allegations in Paragraph 16 of the Complaint are pure statements of law, thus no response is legally required. Furthermore, Defendant denies Plaintiffs' outdated (2003) statement that wireless customers are charged based on the number or length of incoming calls.

17. The allegations in Paragraph 17 of the Complaint are pure statements of law, thus no response is legally required.

The National Do Not Call Registry

18. The allegations in Paragraph 18 of the Complaint are pure statements of law, thus no response is legally required. Nevertheless, Defendant denies the allegations in Paragraph 18 of the Complaint to the extent they are incomplete and fail to mention exceptions, safe harbors or the applicable standard for non-consumer numbers.

19. The allegations in Paragraph 19 of the Complaint are pure statements of law, thus no response is legally required. Nevertheless, Defendant denies the allegations in

Paragraph 19 of the Complaint to the extent they are incomplete and fail to mention exceptions, safe harbors or the applicable standard for non-residential numbers.

## The Growing Problem of Automated Telemarketing

20. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 20 of the Complaint, and therefore denies the same.

21. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 21 of the Complaint, and therefore denies the same.

22. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 22 of the Complaint, and therefore denies the same.

23. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 23 of the Complaint, and therefore denies the same.

24. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 24 of the Complaint, and therefore denies the same.

25. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 25 of the Complaint, and therefore denies the same.

## Factual Allegations

Calls to Mr. Shelton

26. Defendant admits the allegations in Paragraph 26 of the Complaint.

27. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 27 of the Complaint, and therefore denies the same.

28. Defendant denies the allegations in Paragraph 28 of the Complaint.

29. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 29 of the Complaint, and therefore denies the same.

30. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 30 of the Complaint, and therefore denies the same.

31. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 31 of the Complaint, and therefore denies the same.

32. Defendant denies the allegations in Paragraph 32 of the Complaint.

33. Defendant denies the allegations in Paragraph 33 of the Complaint.

34. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 34 of the Complaint, and therefore denies the same.

Calls to Mr. Johansen

35. Defendant admits the allegations in Paragraph 35 of the Complaint.

36. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 36 of the Complaint, and therefore denies the same.

37. Defendant denies the allegations in Paragraph 37 of the Complaint.

38. Defendant denies the allegations in Paragraph 38 of the Complaint.

39. Defendant denies Johansen was called to prescreen him for Sentinel's products. Further answering, Defendant is without sufficient knowledge or information to form a belief as to the truth of all remaining allegations in Paragraph 39 of the Complaint, and therefore denies the same.

40. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 40 of the Complaint, and therefore denies the same.

41. Defendant denies the allegations in Paragraph 41 of the Complaint.

42. Defendant denies the allegations in Paragraph 42 of the Complaint.

43. Defendant denies the allegations in Paragraph 43 of the Complaint.

**Sentinel's Liability for Ms. Fouad's and Mr. Wall's Conduct**

44. The allegations in Paragraph 44 of the Complaint are pure statements of law, thus no response is legally required. Furthermore, Defendant denies Plaintiffs' incomplete and misleading explanation of the standard for vicarious liability – including exceptions, safe harbors and the standards for non-consumer and non-residential numbers – let alone the standards for vicarious liability in private actions.

45. The allegations in Paragraph 45 of the Complaint are pure statements of law, thus no response is legally required. Furthermore, Defendant denies Plaintiffs' incomplete and misleading explanation of the standard for vicarious liability – including exceptions, safe harbors and the standards for non-consumer and non-residential numbers – let alone the standards for vicarious liability in private actions.

46. To the extent the allegations in Paragraph 46 of the Complaint are pure statements of law, thus no response is legally required. Furthermore, Defendant denies Plaintiffs' incomplete and misleading explanation of the standard for vicarious liability – including exceptions, safe harbors and the standards for non-consumer and non-residential numbers – let alone the standards for vicarious liability in private actions. Defendant denies all remaining (factual, non-legal) allegations in Paragraph 46 of the Complaint.

47. The allegations in Paragraph 47 of the Complaint are pure statements of law, thus no response is legally required. Furthermore, Defendant denies Plaintiffs' incomplete and misleading explanation of the standard for vicarious liability – including exceptions, safe harbors and the standards for non-consumer and non-residential numbers – let alone the standards for vicarious liability in private actions.

48. The allegations in Paragraph 48 of the Complaint are pure statements of law, thus no response is legally required. Furthermore, Defendant denies Plaintiffs' incomplete and misleading explanation of the standard for vicarious liability – including exceptions, safe harbors and the standards for non-consumer and non-residential numbers – let alone the standards for vicarious liability in private actions.

49. The allegations in Paragraph 49 of the Complaint are pure statements of law, thus no response is legally required. Furthermore, Defendant denies Plaintiffs' incomplete and misleading explanation of the standard for vicarious liability – including exceptions, safe harbors and the standards for non-consumer and non-residential numbers – let alone the standards for vicarious liability in private actions.

50. Defendant admits Mr. Walls is a Sentinel appointed agent, but denies all remaining allegations in Paragraph 50 of the Complaint. Further answering, state departments of insurance grant licenses, not Defendant.

51. Defendant denies the allegations in Paragraph 51 of the Complaint.

52. Defendant denies the allegations in Paragraph 52 of the Complaint.

53. Defendant denies the allegations in Paragraph 53 of the Complaint.

54. Defendant denies the allegations in Paragraph 54 of the Complaint.

55. Defendant denies the allegations in Paragraph 55 of the Complaint.

56. Defendant denies the allegations in Paragraph 56 of the Complaint.

57. Defendant admits it determined certain parameters and qualifications for customers to be sold insurance products, but denies all remaining allegations in Paragraph 57 of the Complaint.

58. To the extent the allegations in Paragraph 58 of the Complaint are pure statements of law, thus no response is legally required. Defendant denies all remaining allegations in Paragraph 58 of the Complaint.

59. Defendant denies the allegations in Paragraph 59 of the Complaint.

60. Defendant admits Ms. Fouad and Mr. Walls provided some customer information to Sentinel, but denies they had the ability to enter information into or had independent access to Sentinel's systems. Further answering, Defendant denies all remaining allegations in Paragraph 60 of the Complaint.

61. Defendant denies the allegations in Paragraph 61 of the Complaint.

62. Defendant admits Mr. Johansen previously made allegations against Sentinel, but denies all remaining allegations in Paragraph 62 of the Complaint.

63. The allegations in Paragraph 63 of the Complaint are pure statements of law, thus no response is legally required. Furthermore, Defendant denies Plaintiffs' incomplete and misleading explanation of the standard for vicarious liability – including exceptions, safe harbors and the standards for non-consumer and non-residential numbers – let alone the standards for vicarious liability in private actions.

**Class Action Allegations**

64. Defendant admits Plaintiffs *attempt* to bring this case as a Rule 23 class action, but denies that class treatment or certification is appropriate.

65. Defendant admits Plaintiffs attempt to bring this case on behalf of the stated classes, but denies that any class is appropriate.

66. Defendant admits Plaintiffs attempt to exclude the individuals in Paragraph 66 from their proposed classes, but denies that any class is appropriate.

67. Defendant denies the allegations in Paragraph 67 of the Complaint.

68. Defendant denies the allegations in Paragraph 68 of the Complaint.

69. Defendant denies the allegations in Paragraph 69 of the Complaint.

70. Defendant denies the allegations in Paragraph 70 of the Complaint.

71. Defendant denies the allegations in Paragraph 71 of the Complaint.

72. Defendant denies the allegations in Paragraph 72 of the Complaint.

73. Defendant denies the allegations in Paragraph 73 of the Complaint as to Plaintiffs. Defendant is without sufficient knowledge or information to form a belief as to the truth of all remaining allegations in Paragraph 73 of the Complaint (those pertaining to counsel), and therefore denies the same.

74. Defendant denies the allegations in Paragraph 74 of the Complaint.

75. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 75 of the Complaint, and therefore denies the same.

76. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 76 of the Complaint, and therefore denies the same.

## Legal Claims

### Count One:
### Violation of the TCPA's Do Not Call Provisions

77. Defendant incorporates its answers to paragraphs 1-76 of the Complaint as if fully rewritten herein. Further answering, Defendant denies the allegations in paragraph 77 of the Complaint.

78. Defendant denies the allegations in Paragraph 78 of the Complaint.

79. Defendant denies the allegations in Paragraph 79 of the Complaint.

### Count Two:

### Violation of the TCPA's Automated Call Provisions

80. Defendant incorporates its answers to paragraphs 1-79 of the Complaint as if fully rewritten herein. Further answering, Defendant denies the allegations in paragraph 80 of the Complaint.

81. Defendant denies the allegations in Paragraph 81 of the Complaint.

82. Defendant denies the allegations in Paragraph 82 of the Complaint.

83. Defendant denies the allegations in Paragraph 83 of the Complaint.

### Relief Sought

Defendant denies Plaintiffs' entitlement to any of the relief sought.

### **AFFIRMATIVE DEFENSES**

1. The Complaint fails to state a claim upon which relief can be granted against Defendant.

2. All factual allegations of the Complaint not specifically admitted are denied.

3. Plaintiffs are not entitled to a jury trial on certain claims, including those for equitable and injunctive relief, class certification and counsel appointment, and discretion over damages, interest and costs.

4. Defendant had a TCPA-compliant policy for good faith avoidance of any calls in violation of the TCPA and is entitled to a safe harbor because of that policy.

5. Plaintiffs' numbers were neither consumer nor residential numbers.

6. Plaintiffs' claims are barred by their waiver, estoppel, bad faith, unclean hands and their own fraud (including wire fraud).

7. Any relevant calls to Plaintiffs were not telemarketing calls under the TCPA.

8. Any relevant calls to Plaintiffs were not annoying or harassing, nor did they cause Plaintiffs any other damage.

9. Under applicable TCPA standards, Defendant is not vicariously liable for the acts of third-parties identified in the Complaint because they are independent insurance agents – not Defendant's agents under legal agency principles – as Plaintiff Johansen knows from his prior suit against Sentinel.

10. Plaintiffs may not have Constitutional or statutory standing to sue.

11. The calls at issue may not have been in violation of the National DNC list.

12. The calls at issue may not have been made with any ATD system, but live, manually-dialed calls. If there were any ATD calls, there was only a single such call to each Plaintiff by independent insurance agents within any 12-month period – barring Plaintiffs' claims.

13. The calls at issue were made with Plaintiffs' consent and at their specific, express and fraudulent requests.

14. Plaintiffs are serial filers of TCPA lawsuits who fraudulently attempt to entrap victims then falsely sue them for alleged TCPA violations.

15. Plaintiffs knew and fraudulently invited the independent insurance agents to speak with them before the independent insurance agents did so.

16. Plaintiffs failed to bring this suit on behalf of at least one real party in interest – Final Verdict Solutions.

17. Plaintiffs filed this case against Sentinel knowing full well the third-party independent agents were independent agents, independent contractors and not Sentinel's agents under applicable agency law.

18. Some of Plaintiffs' claims may be barred because they are solely responsible for any calls with the independent insurance agents (and any express, verbal, recorded consent prior to calls from those independent insurance agents.)

19. Defendant reserves the right to assert additional defenses as they become known during the course of discovery.

## COUNTERCLAIM

Now comes Defendant Sentinel Security Life Insurance Company ("Sentinel"), by and through its attorneys, and for its Counterclaim against Plaintiffs states as follows:

1. Robert Walls and Sherry Fouad are independent insurance agents.

2. Upon information and belief, Walls and Fouad confirmed being independent agents (not Sentinel's agents) during conversations with one or both Plaintiffs.

3. Upon information and belief, Plaintiffs gave express consent to being connected with Walls or Fouad before being connected and gave express consent again after being connected but before Walls or Fouad discussed insurance needs. Upon information and belief, Plaintiffs strung Walls or Fouad along until – well into the call – notifying Walls or Fouad the call was unlawful because Plaintiff was on a do not call list.

4. Plaintiffs are serial filers of TCPA claims. In Shelton's case, he performs his TCPA activities individually and through his business Final Verdict Solutions. Plaintiffs communicate with callers under false pretenses (after first providing express consent to the communication), then entrap callers and sue anyone mentioned during those calls – whether or not Plaintiffs are speaking with agents of those mentioned. For example, instead of saying "I'm on the do not call list", Plaintiffs provide their express consent to the communication, then sue for the same communication. Plaintiffs also use materially-misrepresented facts and/or outright

fabricated scenarios in their serial TCPA suits. Plaintiffs setup businesses with false pretenses to extort settlements from them, based on the cost of settling far outweighing the cost to fight Plaintiffs' baseless claims.

5. Plaintiffs have sued Sentinel alleging multiple auto-dialed calls – contrary to the truth that Sentinel neither made, authorized, permitted or knew of auto-dialed calls.

6. In Johansen's case, Sentinel has personal experience with his false, fraudulent scheme (*Johansen v. Feldman, et al.,* Franklin County, Ohio Municipal Court Case. No. 2018-CVH-44544). In Shelton's case, Sentinel is aware of his false, fraudulent scheme through other sources, including: Ex. A ("Phoney Lawsuits: Prolific TCPA Filer Faces Rico Claims"); *Shelton v. National Gas & Electric, LLC,* Eastern District of Pennsylvania Case No. 2:17-cv-4063; *Shelton v. LIG Int'l., LLC,* Northern District of Ohio Case No. 17-1868; *Jacovetti Law PC v. Shelton,* Eastern District of Pennsylvania Case No. 2:20-cv-163. Those are only a fraction of Shelton's TCPA cases.

## COUNT ONE (PROMISSORY ESTOPPEL)

7. Defendant incorporates by reference the allegations in its Amended Answer and in Paragraphs 1-6 of its Counterclaim, as if fully rewritten herein.

8. As set forth herein, Plaintiffs provided express consent – before and during their calls with Walls or Fouad – thereby promising they expressly consented to the calls and Walls or Fouad discussing Plaintiffs' life insurance needs.

9. Plaintiffs intended Walls or Fouad to rely upon their express consent.

10. Walls and Fouad reasonably relied on Plaintiff's (respective) promises of express consent by engaging in the call(s) with Johansen or Shelton.

11. Because Plaintiffs alleged Walls and Fouad acted as Sentinel's agents, Sentinel equally relied on Plaintiffs' promises of express consent.

12. Sentinel's detrimental reliance caused it to be damaged in an amount in excess of $25,000, to be fully determined at trial.

13. Plaintiffs' promises of express consent were willful and fraudulent, thereby entitling Sentinel to punitive damages and recovery of its costs.

## COUNT TWO (NEGLIGENT MISREPRESENTATION/FRAUD)

14. Sentinel incorporates by reference the allegations in its Amended Answer and Paragraphs 1 through 13 of its Counterclaim as if fully rewritten herein.

15. Through the aforementioned representations, assurances and promises, Plaintiffs induced Walls or Fouad to engage in a phone call(s) – the calls referenced in Plaintiffs' Complaint.

16. Absent the aforementioned representations, assurances and promises made to Walls or Fouad, Walls and Fouad would not have engaged in a phone call(s) with Plaintiff – the calls referenced in Plaintiffs' Complaint.

17. Plaintiffs knew their representations, assurances and promises were false (and/or recklessly ignored their falsity). Alternatively, Plaintiffs' representations, assurances and promises were negligently false.

18. Plaintiffs' actions were done negligently or with the intent to mislead Walls and Fouad and induce him/her to engage in a phone call(s) with Plaintiff – the calls referenced in Plaintiffs' Complaint.

19. Walls and Fouad reasonably relied on Plaintiffs' (respective) representations, assurances and promises and, in reliance, engaged in a phone call(s) with Plaintiff – the calls referenced in Plaintiffs' Complaint.

20. Plaintiffs' misrepresentations were material to Walls and Fouad engaging in the respective phone call(s) with Plaintiff – the calls referenced in Plaintiffs' Complaint.

21. Plaintiffs' actions were negligent, intentional, malicious, made with a conscious or reckless disregard for the truth and/or made with knowledge of their falsity.

22. Because Plaintiffs alleged Walls and Fouad acted as Sentinel's agents, Sentinel has been similarly affected and injured by Walls' and Fouad's reliance and by Plaintiffs' entrapment of Walls or Fouad into phone call(s) (respectively) authorized by Plaintiffs – fraudulently so in order for Plaintiffs to entrap Walls and Fouad and sue Sentinel – as was Plaintiffs' plan all along.

23. Sentinel has suffered (and will suffer) damages in an amount in excess of $25,000 as a result of Plaintiffs' fraud, in an amount to be more fully determined at trial. Sentinel is also entitled to punitive damages and recovery of its costs because Plaintiffs' conduct was willful, malicious and fraudulent.

### COUNT THREE (VIOLATION OF UTAH'S FRIVOLOUS CONDUCT STATUTE, UTAH CODE ANN. § 78B-5-825)

24. Sentinel incorporates by reference the allegations in its Amended Answer and in Paragraphs 1 through 23 of its Counterclaim as if fully rewritten herein.

25. Plaintiffs fraudulently consented to the phone call(s) with Walls or Fouad and then basely sued Sentinel – despite Plaintiffs' fraudulent entrapment of Walls and Fouad; Walls and Fouad being independent agents; and any TCPA violations (if any) being solely Walls' and

Fouad's and not Sentinel's and Sentinel taking affirmative reasonable steps to prevent any TCPA violations.

26. Upon information and belief and consistent with Plaintiffs' pattern of misconduct, Plaintiffs' claims are contrary to their own phone calls and prior statements – which dramatically contradict Plaintiffs' pleadings and statements to the Court.

27. Despite contradicting their own prior statements, Plaintiffs sued Sentinel on knowingly contradicting facts.

28. Despite being serial filers who file these baseless suits for a living (knowing it's far cheaper to pay off Plaintiffs then to litigate against him), Plaintiffs engaged in their bad faith, frivolous Complaint against Sentinel.

29. Plaintiffs' misconduct violates Utah Code Ann. § 78B-5-825 and the factors set forth in *Migliore v. Livingston Fin., LLC,* 347 P.3d 394, 403 (Utah 2015). Plaintiffs' misconduct damaged Sentinel in an amount in excess of $25,000, to be fully determined at trial. Plaintiffs' misconduct also entitles Sentinel to punitive damages and recovery of its costs and reasonable attorney fees because Plaintiffs' conduct was frivolous and in bad faith.

## COUNT FOUR (CIVIL CONSPIRACY)

30. Sentinel incorporates by reference the allegations in its Amended Answer and in Paragraphs 1 through 29 of its Counterclaim as if fully rewritten herein.

31. Plaintiffs have engaged in civil conspiracy. Specifically, the false and fraudulent allegations in Plaintiffs' Complaint was performed (a) by a combination of Shelton, Johansen, Final Verdict Solutions and additional unknown persons; (b) for the purpose of manufacturing baseless TCPA class action claims against Sentinel; (c) by agreement of Shelton, Johansen, Final Verdict Solutions and additional unknown persons; (d) including via wire fraud; (e) causing Sentinel damages in an amount in excess

of $25,000, to be fully determined at trial. Sentinel is also entitled to punitive damages and recovery of its costs because Plaintiffs' conduct was willful, malicious and fraudulent.

### COUNT FIVE (ABUSE OF PROCESS)

32. Sentinel incorporates by reference the allegations in its Amended Answer and in Paragraphs 1 through 31 of its Counterclaim as if fully rewritten herein.

33. To the extent Plaintiffs' have any legitimate cause of action against Walls or Fouad, they are abusing process by wrongfully pursuing claims against Sentinel without basis, because Sentinel has a deeper pocket than Walls or Fouad. Plaintiffs have an ulterior purpose and use of process not proper in the regular prosecution of proceedings (squeezing money based on false, fraudulent pretenses from a suspected "deep pocket" like Sentinel – knowing it is far cheaper for Sentinel to settle Plaintiffs' TCPA claims than to fight them. In other words, Plaintiffs' baseless suits are used for extortion of limited sums).

34. Plaintiffs' abuse of process caused Sentinel damages in an amount in excess of $25,000, to be fully determined at trial. Sentinel is also entitled to punitive damages and recovery of its costs because Plaintiffs' conduct was willful, malicious and fraudulent.

### COUNT SIX (RICO)

35. Sentinel incorporates by reference the allegations in its Amended Answer and in Paragraphs 1 through 34 of its Counterclaim as if fully rewritten herein.

36. This count arises from the federal Racketeer Influenced and Corrupt Organizations statute, 18 U.S.C. §1965 (federal "RICO").

37. Plaintiffs' actions cumulatively and jointly constituted a pattern of racketeering activity on behalf of a group of individuals associated in fact, notwithstanding that Plaintiffs do not comprise one legal entity. Plaintiffs' shared purpose was to engage in a series of unlawful acts involving fraudulent telephonic and/or

electronic communications, including those which induced Walls and/or Fouad to call them, so Plaintiffs could fraudulently raise baseless, manufactured TCPA claims against them AND Sentinel. Plaintiffs' conspired with others (in Shelton's case, including with Final Verdict Solutions and in Johansen's case Bryan Reo and in both Plaintiffs' cases, additional unknown persons) – through wire fraud in violation of 18 U.S.C. §§1341, 1343. Through the fraudulent conduct described in the Complaint and Amended Answer and by using telephone and/or other electronic communications for their fraudulent scheme, Plaintiffs have asserted their TCPA class action against Sentinel.

38. As a direct and proximate result of Plaintiffs' conduct in violation of RICO, Sentinel has suffered harm as described herein (including at least $25,000 in damages, in an amount to be determined at trial). As a direct and proximate result Plaintiffs' conduct, Sentinel is also entitled to actual and treble damages, pursuant to 18 U.S.C. §1964, plus recovery of its costs.

## JURY DEMAND

Defendant-Counterclaimant demands a trial by jury on all issues so triable.

Respectfully submitted,

By: /s/ *Kristin A. VanOrman*
Kristin A. VanOrman (7333)
102 South 200 East, Suite 800
Salt Lake City, UT 84111
Telephone: 801.532.7080
Facsimile: 801.596.1508
kvanorman@strongandhannicom

Barry Y. Freeman #0062040 (admitted *pro hac vice*)
ROETZEL & ANDRESS, LPA
One Cleveland Center
1375 East Ninth Street, 10th Floor
Cleveland, OH 44114
Telephone: 216.615.4850
Facsimile: 216.623.0150
bfreeman@ralaw.com

*Attorneys for Defendant-Counterclaimant*

## CERTIFICATE OF SERVICE

I hereby certify that on February 25, 2021, a true and correct copy of the foregoing was served on all parties via the Court's electronic filing system.

/s/ *Kristin A. VanOrman*

16335799