# EXHIBIT "A"

1/28/2021 Phoney Lawsuits: Prolific TCPA filer faces RICO claims over alleged lawsuit-generating scheme | Legal Newsline

Case 2:21-cv-00021-DBB-DAO Document 18-1 Filed 02/25/21 PageID.89 Page 2 of 5

By **John O'Brien** | Jan 14, 2020



PHILADELPHIA – "If you are reading this website, you are most likely a telemarketer that has illegally called my phone. You are going to be sued. I played along with your telemarketer script in order to find out who you really are."

So warned the since-changed **website** of Final Verdict Solutions, the company of a Pennsylvania man accused by companies of bending a federal telemarketing law to his advantage. That man, James Everett Shelton, has filed around 30 lawsuits under the TCPA (Telephone Consumer Protection Act), and the companies he's targeted have begun fighting back.

1/28/2021, Phoney lawsuits: Prolific TCPA filer faces RICO claims over alleged lawsuit-generating scheme | Legal Newsline

Case 2:21-cv-00021-DBB-DAO Document 18-1 Filed 02/25/21 PageID.90 Page 3 of 5

"To perpetuate this scheme, Shelton will often induce companies to call him, then claim they called him improperly, sue and they will settle rather than fight a protracted battle," says a recent racketeering lawsuit against Shelton and FVS.

Previous *Legal Newsline* **coverage** has explored the actions of serial TCPA plaintiffs – men and women who aren't lawyers but have **mastered the ins and outs** of the law in order to make a living filing lawsuits. **One Polish immigrant** collected more than $800,000 doing so.

The law provides for either $500 or $1,500 for each call, depending on its circumstances, and plaintiffs can use the threat of a class action to increase the stakes. Defending a case through trial takes six figures (and runs the risk of an adverse jury verdict), but plaintiffs can be bought off for much less at the early stages of lawsuits.

Among these plaintiffs was Melody Stoops, a woman who admitted that while living in Pennsylvania, she bought dozens of phones that each had numbers with Florida area codes. She figured debt collectors **would call her on accident** as they sought to contact the previous holder of those numbers.

Then, she admitted in a deposition, she would sue the caller under the TCPA.

Shelton appears to have ticked off the wrong companies after many of his cases resulted in settlements (and at least **one trial win**, worth $33,000). On Jan. 9, FCS Capital and Jacovetti Law returned the favor by suing him in Philadelphia federal court.

The two say evidence showed they did not contact Shelton – rather, entities known as "Fast Advance Funding" and "Business Debt Experts" were the real culprits.

---

**WEEKLY NEWSLETTER**

Sign-up and get latest news about the courts, judges and latest complaints - right to your inbox.

Email

SIGN UP

1/28/2021
Phoney lawsuits: Prolific TCPA filer faces RICO claims over alleged lawsuit-generating scheme | Legal Newsline

Case 2:21-cv-00021-DBB-DAO Document 18-1 Filed 02/25/21 PageID.91 Page 4 of 5

By signing up you agree to receive email newsletters or alerts from Legal Newsline. You can unsubscribe at any time. Protected by Google ReCAPTCHA.



A former FAF employee named Michael Deangelis called Shelton from his personal cell phone, the complaint says. Deangelis also sent emails purportedly from the company after he was fired, it is alleged.

"While the phone number… is a number owned by FCS Capital LLC, the number could have been spoofed by Michael Deangelis in order to get back at the plaintiffs for firing him," the complaint says.

"Further, the application that Deangelis sent Shelton from his 'FAF' email with Plaintiff's letter head was once again something that could have been done for 'revenge' and the documents were something Deangelis had from his time working with Plaintiff before the time in question."

A review of company call logs shows that no one called Shelton at the times he alleged, the complaint says while insinuating the fabrication of evidence by Shelton.

The lawsuit charges Shelton with racketeering, wire fraud and defamation.

When Melody Stoops, the Pennsylvania woman with the Florida phone numbers, admitted her scheme was for the purpose of tricking companies into calling her, she lost her standing to bring lawsuits.

If being called was her goal, then she wasn't harmed when she was called. Other plaintiffs have been more careful when explaining their intentions.

In Shelton's lawsuit against National Student Assist, the company made a similar argument. Its motion to dismiss calls Shelton a "serial litigant who has a business model based upon capitalizing on and encouraging his victims (defendants in his cases) to contact him through a telephone he has allegedly placed on a Do Not Call List."

The lawsuit is the goal of his company – Final Verdict Solutions, the motion claimed. Shelton will "play along" with any company that calls FVS' phone in order to sue it, it adds.

1/28/2021 Phoney Lawsuits: Prolific TCPA filer faces RICO claims over alleged lawsuit-generating scheme | Legal Newsline

Case 2:21-cv-00021-DBB-DAO Document 18-1 Filed 02/25/21 PageID.92 Page 5 of 5

"Congress, however, never intended that the TCPA be used as an enterprising plaintiff's litigation goldmine," the motion says. "Plaintiffs like Shelton should not be allowed to use the TCPA as a lawsuit-generating weapon to turn a profit."

Shelton has defended his actions, claiming he has past court decisions on his side when NSA argues his actions fall outside of the TCPA's "zone of interests."

"It should be noted that National was not calling Plaintiff for any type of business purpose in connection with Plaintiff's company, Final Verdict Solutions," Shelton wrote.

"Defendants' reference to the fact that Plaintiff has used his cell phone for business as well as for personal purposes is irrelevant.

 "The telemarketing calls did not have anything to do with Plaintiff's business. National's purported services are debt consolidation and/or debt relief. These services are of a personal nature, not a business nature."

In May, Judge Mitchell Goldberg allowed the case to proceed, ruling the defendants' arguments were more appropriate at the summary judgment phase.

*From Legal Newsline: Reach editor John O'Brien at john.obrien@therecordinc.com.*



**Want to get notified whenever we write about U.S. District Court for the Eastern District of Pennsylvania ?**

Next time we write about U.S. District Court for the Eastern District of Pennsylvania, we'll email you a link to the story. You may edit your settings or unsubscribe at any time.

Sign-up

**ORGANIZATIONS IN THIS STORY**

**U.S. District Court for the Eastern District of Pennsylvania**